

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-3-2008

# Yu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Yu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 566.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/566

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2181
_____

XIN KAI YU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A76-019-863)
(U.S. Immigration Judge:  Honorable R. K. Malloy)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 27, 2008
Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed: September 3, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Xin Kai Yu petitions for review of an order by the Board of Immigration Appeals

("BIA") affirming the Immigration Judge's ("IJ") final order of removal.  For the

following reasons, the petition for review will be denied.

I.

Yu is a native and citizen of China who arrived in the United States in January 2000. On April 13, 2001, Yu applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on his opposition to China's family planning policy. Following a hearing on April 4, 2003, Immigration Judge R. K. Malloy denied Yu's application and, on July 21, 2004, the BIA affirmed. Yu then sought to reopen the proceedings on the grounds that Chinese officials had recently discovered evidence that Yu had been practicing Falun Gong in the United States. The BIA granted Yu's motion to reopen and remanded the case to the IJ to determine whether he was entitled to asylum on those grounds.

At the August 30, 2005 hearing, Yu testified that he began practicing Falun Gong in 2003, while living in the United States. Yu claimed that in June 2004, Chinese officials discovered certain Falun Gong materials in his parents' home. Although Yu's parents do not practice Falun Gong, and although he did not begin practicing until after he left China, he stated that he had hidden the materials there for a friend prior to his departure. According to Yu, officials also discovered a photograph that Yu had mailed to his parents depicting him with a Falun Gong book. The officials allegedly told Yu's parents that he must turn himself in to authorities when he came home, and returned to his parents' house on several occasions looking for him. Yu testified that if he were forced to return to China, the authorities would arrest him and "re-educate" him.

The IJ, however, found Yu's testimony incredible, and believed that he fabricated the entire story after his first application had been denied. In her view, the only aspect of Yu's story that could be credible was his contention that he began practicing Falun Gong in 2003, since, according to the IJ, Yu needed to find a new basis for his asylum claim. As to the rest of Yu's story, the IJ found that it was "incredible, inconsistent, and illogical." (A.R. 000072.) Therefore, on August 30, 2005, the IJ concluded that Yu's application was frivolous and denied relief.

Upon review, the BIA accepted as true Yu's contention that he practices Falun Gong in the United States, but found that none of the IJ's other findings of fact were clearly erroneous. Thus, the BIA appears to have agreed with the IJ that the remainder of Yu's testimony—i.e., the story about authorities searching for him in China—was not credible. By order entered March 20, 2007, the BIA affirmed the IJ's denial of Yu's applications for asylum, withholding of removal, and protection under the CAT.[1] The present petition for review followed.

## II.

We have jurisdiction to review the BIA's order of removal under 8 U.S.C. § 1252(a)(1). When, as in this case, the BIA substantially relies on the findings of the IJ, we review the decisions of both the BIA and the IJ. See Xie v. Ashcroft, 359 F.3d 239,

---

[1]In addition, the BIA found that the IJ's frivolousness finding did not comply with the applicable regulations, and vacated that part of the IJ's decision.

242 (3d Cir. 2004).  We review these findings, including any credibility determinations, under a substantial evidence standard.[2]  See Cao v. Att'y Gen., 407 F.3d 146, 152 (3d Cir. 2005).  An adverse credibility finding must be afforded substantial deference, so long as the finding is supported by sufficient, cogent reasons.  See Butt v. Gonzales, 429 F.3d 430, 434 (3d Cir. 2005).  The Court must evaluate whether the credibility determination was "appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony . . . in view of the background evidence on country conditions."  Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004).

An applicant seeking asylum must prove either that he suffered past persecution or that he has a well-founded fear of future persecution on account of one of five enumerated grounds.  8 U.S.C. § 1101(a)(42)(A).  In this case, Yu's application was based on his claim that he had a well-founded fear of future persecution should he be forced to return to China.  To establish eligibility for asylum on this basis, Yu "must first demonstrate a subjective fear of persecution through credible testimony that [his] fear is genuine."  Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005).  Second, he must show that "a reasonable person in [his] circumstances would fear persecution if returned to the country in question."  Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003).  To satisfy this objective prong, he must show that he would be singled out for persecution, or that

[2]The provisions of the Real ID Act concerning the Court's review of an adverse credibility finding do not apply because Yu filed his application for asylum before the Act's effective date.  See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007).

4

"there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant on account of" a protected ground. 8 C.F.R. § 208.13(b)(2)(iii)(A).

Upon review, we find that substantial evidence supports the BIA's and IJ's findings that Yu failed to demonstrate that he has a well-founded fear of being persecuted should he be forced to return to China. It appears that the BIA and IJ denied his claim primarily because they did not believe that his fear of future persecution was genuine. Although Yu testified that he was afraid to go home because Chinese authorities were looking for him, the BIA and IJ did not credit this testimony. The IJ found that Yu's story about the authorities searching his parents' home was highly suspect given the timing of the alleged incident; Yu had been out of the country for four years when, just as the BIA was affirming the denial of his first application for asylum, officials suddenly decided to conduct the search. When Yu was asked what provoked authorities, he was unable to provide a plausible explanation, instead surmising that perhaps the friend to whom the books belonged had been pressured to lead officials there. The IJ also discredited Yu's testimony that officials learned of his practice by discovering the photograph that he had mailed to his parents. According to the IJ, it is unlikely that anyone looking at the picture would be able to discern that the book—which is in the background of the image and contains no visible writing—was a book about Falun Gong.

5

Based on our review of Yu's testimony, we cannot conclude that "any reasonable adjudicator would be compelled" to disagree with the BIA's and IJ's adverse credibility determinations. See 8 U.S.C. § 1252(b)(4)(B). Thus, we agree that Yu failed to establish the subjective prong of the well-founded fear test, and that, as a result, he was unable to demonstrate eligibility for asylum. Given that Yu's claims for withholding of removal and relief under the CAT were based on the same evidence as his asylum claim, we conclude that substantial evidence supports the denial of these claims as well.

Accordingly, for the reasons set forth above, we will deny the petition for review. Yu's motion to strike the government's brief from the record is denied because, by order entered January 17, 2008, the Court granted the government permission to file its brief out of time.